# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-DR-00376-SCT

*ALAN DALE WALKER*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 8/12/1991 |
| TRIAL JUDGE: | HON. JERRY O. TERRY, SR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ROBERT M. RYAN |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: MARVIN L. WHITE, JR. |
| NATURE OF THE CASE: | CIVIL - DEATH PENALTY - POST CONVICTION |
| DISPOSITION: | APPLICATIONS FOR LEAVE TO SEEK POST-CONVICTION RELIEF DENIED - 10/16/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Alan Dale Walker was indicted in March of 1991 in the Circuit Court of the First Judicial District of Harrison County for the crimes of capital murder of Konya Rebecca Edwards during the commission of a sexual battery, rape and kidnaping. The trial took place in Warren County after a change of venue. A jury was empaneled on August 6, 1991, and Walker was tried found and guilty on all three counts on August 10, 1991. After the jury found Walker guilty, a sentencing hearing was held on the capital murder conviction where the jury heard evidence in aggravation and mitigation of sentence. The jury retired to consider whether Walker would be sentenced to death or life imprisonment. After due consideration, on

August 12, 1991, the jury returned a sentence of death. The trial court set an execution date for September 15, 1991. Walker received additional consecutive sentences of thirty-five years for the rape conviction and thirty years for the kidnaping charge.

¶2. Walker then pursued his automatic appeal to this Court raising twenty-two claims of error. *Walker v. State*, 671 So. 2d 581 (Miss. 1995). On October 12, 1995, this Court affirmed the conviction of capital murder and sentence of death. The convictions for rape and kidnaping were also affirmed. A petition for rehearing was filed on later denied on April 18, 1996. *Id.*

¶3. Walker next filed a petition for writ of certiorari with the United States Supreme Court. Walker's execution date was stayed pending resolution of the petition for writ of certiorari. On December 12, 1996, the United States Supreme Court denied certiorari in this case, *Walker v. Mississippi*, 519 U.S. 1011, 117 S.Ct. 518, 136 L.Ed.2d 406 (1996). No petition for rehearing was filed.

¶4. The State moved this Court to set a new execution date for Walker. On January 9, 1997, this Court set January 29, 1997, as the date for the execution of the death sentence. On January 14, 1997, Walker filed a pro se motion for appointment of counsel and stay of execution under the precedent of *McFarland v. Scott*, 512 U.S. 849, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994), with the United States District Court for the Southern District of Mississippi. The State opposed this motion. On January 24, 1997, the district court entered an order appointing George T. Holmes and James W. Craig to act as Walker's counsel to pursue a federal writ of habeas corpus. On February 11, 1997, Judge Tom S. Lee reassigned the case to Judge Charles W. Pickering, Sr.

¶5. On February 5, 1997, Walker's counsel, Robin Midcalf and Carmen Castilla, moved this Court to allow them to withdraw. On February 20, 1997, this Court denied the motion to withdraw based on the failure to comply with M.R.A.P. 46(c).

¶6. On March 19, 1997, Holmes and Craig filed a motion in the United States District Court to hold the action in federal court in abeyance until the disposition of the state post conviction petition. The State opposed this motion. The district court, on March 27, 1997, entered an order holding the action in abeyance until ten (10) days after the disposition of the state court petition.

¶7. Walker filed a Petition for Post Conviction Collateral Relief in this Court on March 17, 1997. The original "pro se" petition was obviously prepared by an attorney, but unsigned by an attorney. The State responded to that application on July 18, 1997. On August 6, 1998, the law firm, Jenner and Block, filed a motion for appointment of counsel and another "pro se" application for post conviction relief. On March 11, 1999, this Court granted the motion for appointment of counsel and remanded the case to the Circuit Court of Harrison County for that purpose. *Walker v. State*, 733 So. 2d 836 (Miss. 1999). On November 15, 2000, the Court assigned the case to the Mississippi Office of Capital Post Conviction Counsel (MOCPCC)). Finally, after delay by the MOCPCC, the present supplement to the application was filed on March 24, 2003. Within the March 24, 2003 application, the MOCPCC requested additional time to supplement the application. The State filed a response to the March 24, 2003, supplement to the March 14, 1997 application.

¶8. Walker's petition raises the following issues:

**I. WALKER WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL AT THE GUILT AND SENTENCING PHASES OF THE TRIAL WITHIN THE MEANING OF *STRICKLAND V. WASHINGTON*, AND, CORRESPONDING PORTIONS OF THE MISSISSIPPI CONSTITUTION.**

  **A. MOTION FOR CONTINUANCE**

  **B. COUNSEL'S FAILURE TO OFFER LESSER-INCLUDED OFFENSE INSTRUCTIONS**

3

C. ADMISSION OF THE PHOTOGRAPH OF THE VICTIM TAKEN PRIOR TO HER DEATH

D. FAILURE TO OBJECT TO PORTIONS OF DR. McGARRY'S TESTIMONY

E. COUNSEL'S FAILURE TO OBJECT TO THE GRANTING OF INSTRUCTION S-9 ON AIDING AND ABETTING

F. SUBMISSION OF AGGRAVATING CIRCUMSTANCES THAT CAPITAL OFFENSE WAS COMMITTED IN THE COMMISSION OF THE CRIME OF SEXUAL BATTERY.

G. PROSECUTORIAL MISCONDUCT

   (1) COMMENT ON WALKER'S FAILURE TO TESTIFY

   (2) IMPROPER VOUCHING OF WITNESS AND PERSONAL OPINIONS

   (3) MISSTATEMENTS OF FACT

   (4) COMMENTS ON APPELLATE REVIEW

   (5) CUMULATIVE EFFECT OF INSTANCES OF PROSECUTORIAL MISCONDUCT

H. OUTBURSTS FROM STATE WITNESSES AND VICTIM'S FAMILY MEMBERS

I. FAILURE TO ARGUE THE IMPOSITION OF A DISPROPORTIONATE SENTENCE

II. DID THE TRIAL COURT ERR IN CHARGING THE TRIAL JURY WITH STATE REQUESTED INSTRUCTION S-9 AS THE SAME IS AN INCORRECT STATEMENT OF THE LAW OF THE STATE AND AS A RESULT WALKER WAS UNFAIRLY PREJUDICED AND DENIED A FUNDAMENTAL FAIR TRIAL.

III. DID THE FAILURE OF THE TRIAL COURT TO GRANT THE CONTINUANCE VIOLATE WALKER'S DUE PROCESS RIGHTS AND THE PRINCIPLES OF FUNDAMENTAL FAIRNESS AS

4

GUARANTEED BY THE UNITED STATES AND MISSISSIPPI CONSTITUTIONS.

IV.  WERE WALKER'S EIGHTH AMENDMENT RIGHTS VIOLATED BY THE IMPOSITION OF A SENTENCE OF DEATH BASED ON JURY INSTRUCTIONS WHICH WERE CONSTITUTIONALLY DEFECTIVE IN LIGHT OF *TISON V. ARIZONA*.

V.  DID THE TRIAL COURT ERR IN DENYING WALKER'S JURY CHALLENGES FOR CAUSE AND AS A RESULT DENY A FUNDAMENTALLY FAIR TRIAL UNDER THE UNITED STATES AND MISSISSIPPI CONSTITUTIONS.

VI.  WERE WALKER'S RIGHTS UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND CORRESPONDING RIGHTS UNDER THE MISSISSIPPI CONSTITUTION BY THE PROSECUTION'S RACIALLY BIASED USE OF PEREMPTORY JUROR CHALLENGES.

VII.  DID THE TRIAL COURT ERR IN STRIKING JUROR MELINDA ZAPPIE FOR CAUSE IN VIOLATION OF WALKER'S SIXTH AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION AND THE CORRESPONDING GUARANTEES UNDER THE MISSISSIPPI CONSTITUTION.

VIII.  WAS WALKER DENIED EFFECTIVE ASSISTANCE OF COUNSEL BY HIS TRIAL COUNSEL'S FAILURE TO CONDUCT A CONSTITUTIONALLY ADEQUATE VOIR DIRE EXAMINATION OF THE JURY VENIRE WITHIN THE MEANING OF *STRICKLAND V. WASHINGTON* AND IN VIOLATION OF HIS SIXTH AND EIGHTH AMENDMENT RIGHTS AS GUARANTEED UNDER THE UNITED STATES CONSTITUTION AND THE RELEVANT PORTIONS OF THE MISSISSIPPI CONSTITUTION.

IX.  WAS THE SENTENCE RENDERED AGAINST WALKER DISPROPORTIONATE TO THAT OF HIS CO DEFENDANT, JASON RISER, IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES AND THE CORRESPONDING PORTIONS OF THE MISSISSIPPI CONSTITUTION.

**X.  WAS WALKER DENIED HIS RIGHTS GUARANTEED BY THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE FEDERAL CONSTITUTION AND MISSISSIPPI LAW DUE TO THE CUMULATIVE EFFECT OF THE ERRORS AT HIS CAPITAL TRIAL.**

**FACTS**

¶9.     On the night of September 8, 1990, Konya Edwards was given a ride home from the Fiesta Club in Biloxi by Alan Dale Walker, Walker's girlfriend Trina Perry, and Jason Risers. Edwards apparently did not know any of the other three before that night.  Perry drove with Walker in her vehicle, followed by Riser and Edwards in Riser's truck.  Eventually, the two vehicles stopped, with Walker leaving Perry after arranging to meet her later and getting in the truck with Riser and Edwards.  Walker, Riser and Edwards then drove to Crystal Lake.  Walker and Riser then sexually assaulted Edwards, and Walker eventually strangled her and drowned her.  Walker and Riser then obtained gasoline and burned Edwards's body.

¶10.     Walker was tried for capital murder, kidnaping and rape and was convicted on all counts.  He received a death sentence for the capital murder conviction.  He received a sentence of thirty-years on the kidnaping and thirty five years on the rape charge, to run consecutively.  Riser, originally charged with the same counts as Walker, pled guilty to murder, received a life sentence and provided the primary testimony against Walker.  This Court affirmed Walker's convictions and sentences.

¶11.     Walker applies for leave to seek post-conviction relief from errors he alleges occurred before and during his trial wherein the sentence of death was imposed on him.  Walker asserts his claims pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act,   Miss. Code Ann. §§  99-31-1 to -29 (Rev. 2000 & Supp. 2003).  This Act, by its express terms, was created to:

6

revise, streamline, and clarify the rules and statutes pertaining to post conviction collateral relief law and procedures, to resolve any conflicts therein and to provide the courts of this state with an exclusive and uniform procedure for the collateral review of convictions and sentences.

*Id.* § 99-39-3(1).

¶12.	The exclusivity intended by the Legislature was furthered by the inclusion of language abolishing former modes of post conviction remedy, including error coram nobis, statutory habeas corpus, post conviction habeas corpus , statutory error coram nobis, and all other former types of common law writs.

¶13.	Miss. Code Ann. § § 99-39-9 requires fact pleading in order to bring claims before the Court in a post-conviction review application.  Notice pleading has no place in Mississippi's post-conviction collateral review scheme which  states in part:

> (1) a motion under this article shall name the state of Mississippi as respondent  and shall contain all of the following:
> (a) The identity of the proceedings in which the prisoner was convicted
> (b) The date of the entry of the judgment of conviction and sentence of which complaint is made.
> (c) A concise statement of the claims or grounds upon which the motion is based.
> (d) A separate statement of the specific facts which are within the personal knowledge of the prisoner and which shall be sworn to by the prisoner.
> (e) A specific statement of the facts which are not within the prisoner's personal knowledge.  The motion shall state how or by whom said facts will be proven.  Affidavits of the witnesses who will testify and copies of documents or records that will be offered shall be attached to the motion.  The affidavits of other persons and the copies of documents and records may be excused upon a showing, which shall specifically detailed in the motion, of good cause why they cannot be obtained.  This showing shall state what the prisoner had done to attempt to obtain the affidavits, records, and documents, the production of which he requests the court to excuse.
> (f) The identity of any previous proceedings in federal or state courts that the prisoner may have taken to secure relief from his conviction and sentence.

Miss. Code Ann. § 99-39-21 adds in part:

(1) Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

(2) The litigation of a factual issue at trial and on direct appeal of a specific state or federal legal theory or theories shall constitute a waiver of all other state or federal legal theories which could have neem raised under said factual issue; and any relief sought under this article upon said facts but upon different state or federal legal theories shall be procedurally barred absent a showing of cause or actual prejudice.

(3) the doctrine of res judicata shall apply to all issues, both factual and legal, decided at trial and on direct appeal.

¶14.    This Court's decisions in *Woodward v. State*, 843 So.2d 1 (Miss. 2003); *McGilberry v. State*, 843 So.2d 21 (Miss. 2003); and *Brown v. State*, 798 So.2d 481 (Miss. 2002), reiterate that the Act applies with full force and effect to this post-conviction application.  Walker contends that the procedural bars do not apply to him; this Court holds otherwise.  **I.    WHETHER WALKER'S TRIAL COUNSEL WAS INEFFECTIVE IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION, AND ART. 3 § 26 OF THE MISSISSIPPI CONSTITUTION.**

¶15.    Any and all claims of ineffective assistance of counsel are to be decided under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), adopted by this Court in *Stringer v. State*, 454 So. 2d 468 (Miss. 1984) and followed in *Foster v. State*, 687 So.2d 1124 (Miss. 1996).  *See Wiggins v. Smith*, 539 U.S. ___, 123 S. Ct. 2527, 2535, 156 L.Ed 2d 471, 484 (2003); *Bell v. Cone*, 535 U.S. 685, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The *Strickland* standard provides a two-part

8

test that must be met to justify the reversal of a conviction or death sentence: first, the defendant must show that counsel's performance was deficient, and second, the defendant must show that the deficient performance prejudiced the defense. 466 U.S. at 687. Explanatory excerpts from *Stringer*, upon which this Court has previously relied, follow:

> This requires showing that counsel's error were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
> ....
> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second guess counsel's assistance after conviction or adverse sentence, and it is all to easy for a court, examining counsel's defense after it had proved unsuccessful, to conclude that a particular act or omission of counsel unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effect of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

454 So. 2d at 477. In *Mohr v. State*, 584 So. 2d 426, 430 (Miss. 1991), this Court required the defendant to show the existence of a reasonable probability that, but for counsel's unprofessional errors, the outcome would have been different, where "a reasonable probability is a probability sufficient to undermine confidence n the outcome."

¶16.    Walker raises several claims of ineffective assistance of counsel. On direct appeal, we addressed the merits of these claims underlying these ineffectiveness claims. Because we have held that the underlying claims are without merit, Walker cannot show the requisite deficient performance and resulting prejudice necessary to establish the various claims of ineffective assistance of counsel. Additional substantive claims

9

raised in this application have all been held to be procedurally barred and/or addressed on the merits on direct appeal. Since the claims have been addressed on the merits on direct appeal, Walker cannot relitigate those claims on post-conviction review. *See* Miss. Code Ann. § 99-39-21(3).

**A.  Failure to Raise the Denial of His Motion for Continuance in the Motion for a New Trial.**

¶17.    Walker contends his trial counsel's failure to raise the denial of his motion for continuance in the motion for new trial and to show this Court how the denial resulted in "irreparable injury to the petitioners's defense" constituted ineffective assistance of counsel. The claim relating to the denial of the continuance was presented this court on direct appeal.

¶18.    This Court imposed a procedural bar to the consideration of this claim. *Walker*, 671 So. 2d at 591. However, this Court also alternatively addressed the merits of the claim. Clearly, this Court is allowed to impose a procedural bar and alternatively address the merits without waiving the application of the bar. *See Harris v. Reed*, 489 U.S. 255, 260-63, 109 S.Ct. 1038, 1042-43, 103 L.Ed.2d 308 (1989).

¶19.    Walker has recast this argument in the terms of a claim of ineffective assistance of counsel. We look to the alternative discussion of the merits of the claim. In discussing the merits of the claim this Court concluded the discussion with the following finding:

> Under the facts presented: where no discovery violation occurred; where the defense was afforded two days to review the fifty five minute videotape and accompanying typed transcript of Riser's statement (provided two months before trial); where extensive cross examination was conduced, and where there is no indication the case would have been handled differently had more time been allowed, the denial of a continuance was not in error. This assignment of error is procedurally barred and alternatively without merit.

*Walker*, 671 So. 2d at 593.

10

¶20.    "The benchmark for judging any claim of ineffectiveness [of counsel] must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686, 104 S.Ct. at 2064.  The test is two pronged: The defendant must demonstrate that his counsel's performance was deficient, and that the deficiency prejudiced the defense of the case.  *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Washington v. State*, 620 So.2d 966, 972 (Miss. 1993).  "This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Stringer v. State*, 454 So. 2d at 477 (citing *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064).  "In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Stringer*, 454 So. 2d at 477 (citing *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2065; *State v. Tokman*, 564 So. 2d 1339, 1343 (Miss. 1990)).

¶21.    Judicial scrutiny of counsel's performance must be highly deferential.  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a large range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065; *Stringer*, 454

11

So. 2d at 477. In short, defense counsel is presumed competent. ***Bell v. Cone***, 535 U.S. at 702; ***Johnson v. State***, 476 So. 2d 1195, 1204 (Miss. 1985).

¶22. Then to determine the second prong of prejudice to the defense, the standard is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Mohr v. State***, at 430. This means a "probability sufficient to undermine the confidence in the outcome." ***Id.*** The question here is whether there is a reasonable probability that, absent the errors, the sentencer—including an appellate court, to the extent it independently reweighs the evidence–would have concluded that the balance of the aggravating and mitigating circumstances did not warrant death. ***Strickland***, 466 U.S. at 695, 104 S.Ct. at 2068.

¶23. There is no constitutional right then to errorless counsel. ***Mohr v. State***, 584 So.2d at 430; ***Cabello v. State***, 524 So. 2d 313, 315 (Miss. 1988) (right to effective counsel does not entitle defendant to have an attorney who makes no mistakes at trial; defendant just had right to have competent counsel). If the post-conviction application fails on either of the ***Strickland*** prongs, the proceedings end. ***Neal v. State***, 525 So. 2d 1279, 1281 (Miss. 1987); ***Mohr***, 584 So. 2d at 430.

¶24. In order to prove a claim of ineffective assistance of counsel a petitioner must show that counsel's performance was deficient and second, show that the deficient performance prejudiced the defendant. Both showings must be made.

¶25. Walker cannot demonstrate that there exists a reasonable probability that, even assuming deficient performance, that the results of the proceeding would have been different. Walker cannot show prejudice resulting from his trial counsel's actions. Additionally, because this Court found no merit in Walker's claim

of error regarding the denial of the continuance, Walker cannot demonstrate prejudice and cannot establish a claim of ineffective assistance of counsel.

## B. Counsel's failure to offer lesser-included offense instructions.

¶26. Walker's next contention is that trial counsel was ineffective in failing to offer additional lesser-included offense instructions for consideration by the trial court. The jury was instructed on the offenses of murder and manslaughter in this case. However, Walker contends that he should have been granted a culpable negligence manslaughter instruction. ¶27. This Court imposed a procedural bar to this claim on direct appeal for failure of counsel to object, but this Court alternatively addressed the merits of this claim and held the claim to be without merit. *See Walker*, 671 So. 2d at 596-98. Since we held the claim to be without merit on direct appeal, Walker cannot demonstrate the required prejudice to sustain a claim of ineffective assistance of counsel under *Strickland*.

¶28. Walker is not entitled to seek relief on this claim of ineffective assistance of counsel.

## C. Admission of the Photograph of the Victim Taken Prior to Her Death.

¶29. Walker's next claim is that trial counsel was ineffective in failing to object to the admission of a photograph of Konya Edwards taken prior to her death. Appellate counsel did raise this claim on direct appeal and initially the Court held the claim to be barred for the failure to object. However, the Court then alternatively addressed the merits of the claim and held it to be without merit. *See Walker*, 671 So.2d at 600-01. Since the claim was alternatively held to be without merit on direct appeal, Walker cannot demonstrate the requisite prejudice to demonstrate a claim of ineffective assistance of counsel. Walker has not shown that a reasonable probability exists that the results of his trial would have been different absent

counsel's failure to object to the photograph which had been used to identify the victim. Further, he has not shown that the trial court would have excluded the photograph over the objection of trial counsel.

¶30.    Having failed to show both deficient performance and actual prejudice, Walker has failed to demonstrate that he received ineffective assistance of counsel by the failure to object to the introduction of the photograph of Konya Edwards prior to her death. This claim of ineffective assistance of counsel is totally without merit. Walker is not entitled to seek relief on this claim of ineffective assistance of counsel.

### D.    Failure to Object to Portions of Dr. McGarry's Testimony.

¶31.    Walker next contends that trial counsel was ineffective in failing to object to testimony by the pathologist, Dr. Paul McGarry, regarding the condition of Konya Edwards's body at the time he performed the autopsy. Walker contends that the testimony went into "nauseating detail" and had no probative value. This claim was raised on direct appeal and addressed on the merits. *See **Walker***, 671 So.2d at 603. However, Walker now states he "disagrees" with the Court's analysis of the issue and attempts to build a claim of ineffective assistance of counsel on his disagreement. Walker does not comprehend the law in this regard. The fact that he has a disagreement with the prior findings of this Court is not relevant to the outcome of this claim.   Since this Court decided the underlying substantive claim on the merits and held the claim to be without merit, Walker cannot demonstrate the requisite deficient performance and prejudice required by ***Strickland***.

¶32.    Walker has failed to demonstrate that the failure to object to Dr. McGarry's testimony was ineffective assistance of counsel. Walker is not entitled to seek relief on this claim of ineffectiveness.

### E.    Counsel's Failure to Object to the Granting of Instruction S-9 on Aiding and Abetting.

14

¶33.    Walker's next claim regarding ineffective assistance of counsel is rather confusing in that he has evidently combined the argument regarding two instructions into one claim. First, he contends that trial counsel was ineffective in failing to object to Instruction S-9 which was an aiding and abetting instruction. However, Walker then switches gears and begins discussing the claim raised on direct appeal relating to Instruction S-2, which is an acquit first instruction. Walker then switches back to the discussion of Instruction S-9 for the remainder of the argument on this claim. Since there is some confusion over just what claim Walker is presenting to the Court , we will address both out of caution.

### Instruction S-9

¶34.    Walker raised this claim on direct appeal. The Court held the claim to be procedurally barred as the objection interposed at trial was different than that raised on appeal. *See Waker*, 671 So.2d at 605-06. The Court did not alternatively address the merits of this claim. Therefore, in looking to the merits of this claim, the instruction was a proper statement of the law in 1991 at the time of trial. The instruction given was approved as a correct statement of the law by this Court in *Fleming v. State,* 604 So.2d 280, 287 (Miss. 1992), and *Davis v. State,* 586 So.2d 817, 821 (Miss. 1991). The instruction was upheld against the same argument made here in *Simmons v. State,* 568 So.2d 1192, 1203-04 (Miss. 1990). Simmons challenged the instruction stating that it misled the jury because it implies that conviction was proper where only one element of the crime is proven. The Court held that this instruction was proper when read with the other instructions requiring the State to prove every element of the crime beyond a reasonable doubt. *See Kelly v. State,* 493 So.2d 356, 359 (Miss. 1986); *White v. State,* 330 So.2d 877, 879 (Miss. 1976).

¶35. Under the teachings of *Malone v. State*, 486 So.2d 360 (Miss. 1986), Instruction S-9, when read in conjunction with Instruction S-1 and Instruction S-2, clearly required the jury to find all the elements of the crime for which Walker was charged. In *Malone* this Court stated:

> As all surely know by now, we do not review jury instructions in isolation. Rather, we read all instructions as a whole to determine whether the jury has been correctly instructed. Not every point involved in a case must be included in every instruction given. *Clayton v. Thompson*, 475 So.3d 439,445 (Miss. 1985). Assuming arguendo that Instruction C.OO is less than perfect, we find that the instructions given the jury as a whole fairly and adequately state the law and that reversal would be inappropriate. [Internal quotes omitted.] More specifically, a combined reading of Instruction Nos. C.OO, S-1 and D-7 fairly present all issues warranted by the evidence and inherent in the charge of accessory before the fact of armed robbery. Miss. Code Ann. §§97-3-79 and 97-1-3 (1972).

486 So.2d at 365.

¶36. Instructions S-1, S-2 and S-9, read together, require the jury to find that Konya Edwards was killed and correctly set forth the other elements and issues the jury must find before Walker could be convicted. *See Bell v. State*, 725 So.2d 836, 847-48 (Miss. 1998); *Carr v. State*, 655 So.2d 824, 832-33 (Miss. 1995); *Bullock v. State*, 391 So.2d 601, 609 (Miss. 1980). The instruction was a correct statement of the law in 1991 and could have been properly given even if it had been objected to by counsel on the grounds now asserted.

¶37. A similar instruction was first questioned in *Hornburger v. State*, 650 So.2d 510, 514-15 (Miss. 1995). There the Court held the instruction to be improper, but harmless when the jury was fully instructed that it must find all of the elements of the offense in other instructions. The instruction continued to be challenged over the next several years. In *Milano v. State*, 790 So.2d 179 (Miss. 2001), this instruction was once again given. The Court held the instruction to be improper, but once again, the Court found any error to be harmless because when the instructions were read as a whole, the jury was properly instructed on its duty. Further, the Court held:

> The same problematic jury instruction used in **Hornburger**, **Berry,** and **Lester** is once again before this Court. To avoid any further confusion, today, we *prospectively adopt* the Fifth Circuit's Pattern Jury Instruction on Aiding and Abetting due to continuing litigation and confusion over this issue. The use of this instruction should cure future problems regarding this issue.

790 So.2d at l85. The Court was clear that the Fifth Circuit Pattern Jury Instruction on Aiding and Abetting was to be given prospective application only. Although Walker asks the Court to adopt the Fifth Circuit instruction in his application, clearly Walker fails to comprehend the decision in **Milano**. Therefore, Walker cannot avail himself of the decision in **Milano.**

¶38. Looking to the instructions given in this case in addition to S-9 we find the jury was fully instructed on its duties. Instruction C.I stated in part: "You are not to single out one instruction alone as stating the law but you must consider these instructions as a whole." In Instruction C.I3 we find the following language: "This presumption places upon the State of Mississippi the burden of proving the Defendant guilty of every material element of the crime with which he is charged. Before you can return a verdict of guilty, the State of must prove beyond a reasonable doubt that the Defendant is guilty." In Instruction C-20 we find the following language: "If you find that the State has failed to prove any one of the essential elements of the crime of CAPITAL MURDER, you must find the defendant not guilty of said crime." Instruction S-l states:

> The Defendant, ALAN DALE WALKER, has been charged in the indictment with he crime of Capital Murder for having killed Konya Rebecca Edwards during the commission of Sexual Battery of Konya Rebecca Edwards.
> If you find from the evidence in this case beyond a reasonable doubt:
> > 1. The incident in this case occurred on or about September 9, 1990, in the First Judicial District of Harrison County, Mississippi;
> > 2. Konya Rebecca Edwards was a living human being;
> > 3. The Defendant, alone or in conjunction with another, did wilfully, unlawfully and feloniously kill and murder Konya Rebecca Edwards by asphyxiation, said asphyxiation resulted in the death of Konya Rebecca Edwards; and
> > 4. That the killing of Konya Rebecca Edwards occurred while the Defendant, alone or in conjunction with another, was in the process of

committing the crime and felony of Sexual Battery of Konya Rebecca Edwards, against her will, then you shall find the Defendant, ALAN DALE WALKER, Guilty of Capital Murder.

If the State has failed to prove any one or more of the above elements beyond a reasonable doubt, then you shall find the Defendant Not Guilty of Capital Murder.

Reading the above instructions, including Instruction S-9, as a whole, the jury was fully informed that every element of the capital murder had to be proved by the State. *See Milano*, 790 So. 2d at 185; *Carr*, 655 So. 2d at 832-33.

¶39.    At the time of trial Instruction S-9 was considered a proper statement of the law. Trial counsel is not required to be prescient, but only to know the law as it exists at the time of trial. A claim of ineffectiveness cannot be based on trial counsel's failure to anticipate a future change in the law. *See Chase v. State*, 699 So.2d 521, 542-43 (Miss. 1997). Therefore, Walker cannot demonstrate deficient performance in trial counsel's failure to object.  Further, since the granting of Instruction S-9 is at most harmless error, Walker cannot demonstrate actual prejudice. Both findings are required by *Strickland*.

¶40.    Walker is not entitled to seek relief on the ground of ineffectiveness as it relates to the failure to object to Instruction S-9 on the grounds presented here.

### Acquit First Instruction

¶41.    As stated above, Walker's argument under this number briefly addresses another claim. From reading the brief reference and looking to the opinion of this Court on direct appeal, we surmise that this relates to the claim raised on direct appeal concerning the acquit first instruction. The Court considered this claim, held it to be procedurally barred from consideration, and then alternatively addressed the merits. The Court held the claim to be without merit. *See Walker*, 671 So.2d at 606-08.

¶42.    Because this Court held the substantive merits of this claim to be without merit, Walker cannot sustain the required showing of prejudice to establish a claim of ineffective assistance of counsel.

18

Apparently, Walker is actually raising this claim as an ineffective assistance of counsel claim, thus he is entitled to no relief.

### F. Submission of Aggravating Circumstance that Capital Offense was Committed in the Commission of the Crime of Sexual Battery.

¶43. Walker next contends that trial counsel was ineffective in failing to object to the submission of the aggravating circumstance that the crime was committed while he was engaged in the commission of a sexual battery. The basis of his contention is two fold, first, that there was insufficient evidence to prove sexual battery and second, that the underlying felony of sexual battery could not be used again as an aggravating circumstance.

¶44. First, the claim that trial counsel did not object to the sentencing instruction on the basis of the sufficiency of the evidence to prove sexual battery is specious. To the contrary, the record in this case indicates otherwise. Looking to the record, we find the following objection raised during the consideration of the sentencing instructions:

> STEGALL: So far as B is concerned, judge, we don't feel again that either B-l or B-2 - that is, as to the offense was committed during the course of- commission of the crime of sexual battery or that it was committed to avoid lawful arrest or detection; we don't feel that either of those are supported by the proof and would object to the granting of those instructions - those aggravating instructions.

Thus, counsel did specifically object on this ground at trial.

¶45. Further, on August 21, 1991, trial counsel filed a document entitled "Objections to the State's Sentencing Instructions." In this document trial counsel specifically objected to the sexual battery aggravator on the basis of the sufficiency of the evidence to sustain that underlying felony.

¶46. Additionally, at the close of the guilt phase, counsel made a lengthy argument and moved to dismiss the charge of capital murder based on the insufficiency of the evidence to prove sexual battery. The trial

19

court overruled this motion. Even in the face of his objection being overruled, trial counsel continued to argue that sexual battery had not been proved by the evidence.

¶47.     Regardless,  a claim regarding the sufficiency of the evidence to prove sexual battery was raised on direct appeal and addressed on the merits by this Court. *See Walker*, 671 So.2d at 593-96. While this proposition discussed the claim in light of the guilt phase, the same evidence was considered during the sentencing phase after the jury had already found, beyond a reasonable doubt, that the murder had been committed during a sexual battery. Since trial counsel did object and this Court has already decided the substantive merits of the sufficiency claim as it related to the guilt phase, Walker cannot be heard to complain that counsel was ineffective. Walker has not demonstrated deficient performance and actual prejudice because an objection was made to the inclusion of this aggravating factor. This part of this claim is spurious.

¶48.     Further, trial counsel objected to Instruction S-14, which he argued relieved the State of having to prove intent to commit the underlying felony of sexual battery before Konya Edwards's death. This Court addressed this claim on the merits on direct appeal and held it to be without merit. *See Walker*, 671 So.2d at 596. This is further proof that trial counsel did object to the sufficiency of the evidence to support the underlying crime of sexual battery. Since this Court held the underlying claim to be without merit, there can be no showing of deficient performance and actual prejudice. Without a showing of both, Walker cannot sustain a claim of ineffective assistance of counsel. Walker is not entitled to seek relief on this claim.

¶49.     Second, Walker contends in the face of this Court's decision on direct appeal and overwhelming authority to the contrary that counsel was ineffective in failing to object to the use of the sexual battery aggravator during the sentencing phase as it was error to used the sexual battery as the underlying crime

and as an aggravator. This Court held the claim to be procedurally barred for the lack of an objection and then alternatively addressed the underlying substantive claim on direct appeal and found it to be without merit. *See Walker*, 671 So.2d at 612. Since the underlying substantive claim was held to be without merit, Walker cannot show the requisite deficient performance and actual prejudice required to sustain a claim of ineffective assistance of counsel. Both findings are required to prove a claim of ineffective assistance of counsel and Walker has failed to show either.

¶50.    In its decision on direct appeal this Court properly relied on the precedent of the United States Supreme Court in *Lowenfield v. Phelps,* 484 U.S. 231, 108 S.Ct. 546, 98 L.Ed.2d 568 (1988). However, the United States Supreme Court has spoken to this exact question in later cases. In *Tuilaepa v. California,* 512 U.S. 967, 972, 114 S.Ct. 2630, 2634-35, 129 L.Ed.2d 750 (1994), the Supreme Court held: "The aggravating circumstance may be contained in the definition of the crime or in a separate sentencing factor (or in both)." [Parenthetical the Court's.] *See United States v. Flores,* 63 F.3d 1342, 1370-72 (5th Cir. 1995); *Perry v. Lockhart,* 871 F.2d 1384 (8th Cir. 1989). Thus, Walker's claim that the use of the sexual battery in both phases is unconstitutional is totally without merit. Further, specifically addressing a claim of ineffective assistance of counsel for failing to object to this exact claim in *Lockhart v. Fretwell,* 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993), the Supreme Court held that counsel is not ineffective in failing to object to an aggravating circumstance that duplicates the underlying felony.

¶51.    This Court's numerous decisions on this subject are in line with those of the United States Supreme Court as it has long approved the use of the underlying felony which raises the crime to capital murder as an aggravating factor in the sentencing phase of the trial. *See Goodin v. State,* 787 So.2d 639, 654-55,

647-49 (Miss. 2001); *Manning v. State,* 735 So.2d 323, 350-51, 367 (Miss. 1999); *Smith v. State,* 729 So.2d 1191, 1223, 1256-57 (Miss. 1998); *Manning v. State,* 726 So.2d 1152, 1196, 1192 (Miss. 1998); *Bell v. State,* 725 So.2d 836, 858-59, 874-77 (Miss. 1998); *Crawford v. State,* 716 So.2d 1028, 1049-50, 1078-80 (Miss. 1998); *Berry v. State,* 703 So.2d 269, 284-86 (Miss. 1997); *Wilcher v. State,* 697 So.2d 1123, 1138 (Miss. 1997); *Brown v. State,* 690 So.2d 276, 295-96 (Miss. 1996); *Brown v. State,* 682 So.2d 340, 353-55 (Miss. 1996); *Davis v. State,* 684 So.2d 643, 663-64 (Miss. 1996); *Doss v. State,* 709 So.2d 369, 391-92, 392-95 (Miss. 1996); *Blue v. State,* 674 So.2d 1184, 1215-18 (Miss. l996); *Holly v. State,* 671 So.2d 32, 39-40 (Miss. 1996); *Walker v. State,* 671 So.2d 581, 612 (Miss. 1995); *Ballenger v. State,* 667 So.2d 1242, 1260 (Miss. 1995); *Ladner v. State,* 584 So.2d 743, 762-63 (Miss. 1991); *Minnick v. State,* 551 So.2d 77, 96-97 (Miss. 1989); *Pinkney v. State,* 538 So.2d 329, 358-59 (Miss. 1988); *Cole v. State,* 525 So.2d 365, 374 (Miss. 1987); *Lockett v. State,* 517 So.2d 1346, 1353 (Miss. 1987); *Faraga v. State,* 514 So.2d 295, 309 (Miss. 1987); *Jordan v. State,* 464 So.2d 475, 479 (Miss. 1985); *Wilcher v. State,* 448 So.2d 927, 937-38 (Miss. 1984); *Billiot v. State,* 454 So.2d 445, 465 (Miss. 1984); *Tokman v. State,* 435 So.2d 664, 668-69 (Miss. 1983); *Leatherwood v. State,* 435 So.2d 645, 650 (Miss. 1983); *Coleman v. State,* 378 So.2d 640, 646-47 (Miss. 1979).

¶52.    Since the jury had already found that the murder was committed during the commission of a sexual battery, any objection to the granting of an instruction that sexual battery could be considered as an aggravating circumstance during the sentencing phase of the trial would have been futile. Counsel is not charged with making futile objections. *See Chase v. State,* 699 So.2d at 537; *Edwards v. State,* 615 So.2d 590, 599 (Miss. 1993). Walker has failed to demonstrate the proof required to sustain a claim of

22

ineffective assistance of counsel for the failure to object to the granting of an instruction that sexual battery could be considered as an aggravating factor during the sentencing phase of his trial. Walker is entitled to no relief on this claim.

### G. Prosecutorial Misconduct.

¶53. Walker makes several claims that counsel was ineffective in failing to object to instances of what he claims were prosecutorial misconduct. We have held all of these following claims to be procedurally barred from consideration, but more importantly also alternatively addressed the merits of each of the claims. We will address these claims using the numbering Walker employs.

### (1) Comment on Walker's Failure to Testify.

¶54. The heading to Walker's first claim under the prosecutorial misconduct section is somewhat misleading. The heading states the claim regards a comment on the failure to testify. However, he never mentions a comment on the failure to testify in the argument under this subsection. Instead, Walker discussed the prosecutor's comments regarding his unsworn statements of remorse at the conclusion of the sentencing phase of the trial. In any event, the underlying substance of this claim was fully explored by the Court on direct appeal and found to be without merit. *See Walker*, 671 So.2d at 614-16. Since the underlying issue is without merit, there is no support for a claim of ineffective assistance of counsel as Walker cannot show any prejudice. Walker must show both deficient performance and actual prejudice in order to sustain a claim of ineffective assistance of counsel.

¶55. It has long been the precedent of this Court to allow a defendant to make an unsworn statement at the conclusion of the sentence phase of a capital sentencing trial. However, making such a statement is not without peril to the defendant. If the defendant did not testify at the guilt phase or sentence phase and chooses to make unsworn statements or arguments that go outside the evidence presented, he makes a

partial waiver of the constitutional privilege against self-incrimination and the prohibition against a prosecutor from commenting on his failure to take the stand. See *Duplantis v. State*, 644 So.2d 1235, 1251 (Miss. 1994); *Bevill v. State*, 556 So.2d 699, 710-11 (Miss. 1990); *Pinkney v. State*, 538 So.2d 329, 358 (Miss. 1988); *Jones v. State*, 381 So.2d 983, 993-94 (Miss. 1980). Thus, as the Court found, after making his statements regarding remorse, Walker cannot be heard to complain that the State made an argument in rebuttal of his assertions of remorse.

¶56.    Walker is entitled to no relief on this claim of ineffective assistance of counsel as he has failed to demonstrate both deficient performance and prejudice. He has not shown that there is a reasonable probability the result would have been different absent the failure of counsel to object to the prosecutor's comments. Walker has failed to sustain this claim of ineffective assistance of counsel.

### (2)    Improper Vouching of Witness and Personal Opinions.

¶57.    Next Walker contends that his trial counsel was ineffective for failing to object to comments of the prosecutor which he contends vouched for the reliability of Jason Riser's testimony and offered personal opinions regarding the same. This claim was raised on direct appeal, and the Court held the underlying substantive merits of the claim to be procedurally barred. See *Walker*, 671 So.2d at 616. The Court did not alternatively address the merits of this claim under this heading in its opinion on direct appeal.  Instead, in the conclusion to the discussion of prosecutorial misconduct section of the opinion, the Court held:

> Considering all of the alleged impermissible comments of the prosecutor, only one appears close, the vouching for Riser. As noted, other comments are barred and alternatively, meritless. In *Minnick*, the Court stated:
>
>> Taken as a whole, all of these statements fall into the permissible latitude afforded attorneys in closing argument. As this Court stated in *Johnson v. State*, 416 So.2d 383, 391 (Miss.1982), quoting *Nelms and Blum Company v. Fink*, 159 Miss. 372, 382, 131 So. 817, 820 (1930):

> Counsel was not required to be logical in argument; he is not required to draw sound conclusions, or to have a perfect argument measured by logical and rhetorical rules; his function is to draw conclusions and inferences from evidence on behalf of his client in whatever he deems proper, so long as he does not become abusive and go outside the confines of the record.

*Minnick*, 551 So.2d at 93.

> Walker argues that the "cumulative effect of the improper comments and other misconduct of the prosecution" deprived him of a fair trial. Walker is correct in citing ***Stringer v. State***, 500 So.2d 928 (Miss. 1986), which notes that death penalty cases demand "heightened review" and thus "require that the cumulative impact of all the factors outlined above be reviewed. . . ." However, careful consideration of Walker's claims reveals no prosecutorial misconduct supporting reversal. There is no merit to Walker's assertion that he has been denied a fair trial.

671 So.2d at 619. The Court did address the question on its merits and found that the comment was not reversible error. Since the underlying substantive merits have been held to be without merit, Walker cannot show the prejudice which is necessary to sustain a claim of ineffective assistance of counsel. Walker has failed to demonstrate prejudice in the failure to object. He is entitled to no relief on this claim of ineffective assistance of counsel.

### (3) Misstatements of Law.

¶58. Walker's next contention is that trial counsel rendered ineffective assistance of counsel in failing to object to certain misstatements of the law by the prosecutor. This claim was raised on direct appeal and was held to be procedurally barred for the lack of an objection at trial. However, the Court alternatively addressed the merits of the claim and held it to be without merit. See *Walker*, 671 So.2d at 617-18. Since the underlying substantive merits of the claim were held to be without merit, Walker cannot demonstrate the required deficient performance and prejudice. Since Walker cannot show either of the required foundations for the claim of ineffective assistance of counsel, he is entitled to no relief on this claim

25

of ineffective assistance of counsel. Walker has failed to sustain this claim of ineffective assistance of counsel.

### (4) Comments on Appellate Review.

¶59. Next Walker makes the claim that counsel was ineffective in failing to object to statements he contends were comments on appellate review. This claim was raised on direct appeal and held to be procedurally barred by the Court. Alternatively, the Court addressed the substantive merits of the claim, finding that there was no comment on appellate review made by the prosecutor. *See Walker*, 671 So.2d at 618-19. Since, the underlying substantive claim was held to be without merit, and Walker cannot demonstrate deficient performance or prejudice. Without a showing of both of these factors, he cannot establish a claim of ineffective assistance of counsel based on this claim. Walker is entitled to no relief on this claim of ineffective assistance of counsel.

### (5) Cumulative Effect of Instances of Prosecutorial Misconduct.

¶60. Walker next contends that the cumulative effect of the above errors demonstrates ineffective assistance of counsel. Walker contended on direct appeal that the cumulative effect of the several claims of prosecutorial misconduct warranted reversal. However, the Court addressed the merits of this underlying substantive claim on direct appeal and held that Walker had not been denied a fundamentally fair trial by the claimed instances of prosecutorial misconduct. *See Walker*, 671 So.2d at 619. Therefore, the substantive claim underlying this claim of ineffective assistance of counsel has held to be without merit. Since the claim was held to be without merit, Walker cannot establish the prejudice necessary to sustain a claim of ineffective assistance of counsel. This claim is without merit.

¶61. Walker also makes an incorrect statement of the law in this application. He contends that *Williams v. Taylor*, 529 U.S. at 387-88, requires that a reviewing court consider the cumulative effect

of counsel's deficient performance. The Supreme Court made no such holding. The Supreme Court was considering a claim of ineffective assistance of counsel based on the failure of counsel to introduce significant mitigating evidence. In discussing this claim the Supreme Court held:

> Second, the State Supreme Court's prejudice determination was unreasonable insofar as it failed to evaluate the totality of the available mitigation evidence - both that adduced at trial, and the evidence adduced in the habeas proceeding in reweighing it against the evidence in aggravation. See *Clemons v. Mississippi*, 494 U.S. 738, 751-752, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990).

*Williams*, 529 U.S. at 397-98.

¶62. Clearly, this Court made such an analysis of the merits of this claim on direct appeal in the final paragraph of the section dealing with cumulative prosecutorial error. See *Walker*, 671 So.2d at 619. Looking again to *Williams*, we find the only mention of cumulative error in the whole opinion of the Supreme Court to be in the next to the last paragraph of the opinion. The Court stated:

> In our judgment, the state trial judge was correct both in his recognition of the established legal standard for determining counsel's effectiveness, and in his conclusion that the entire post-conviction record, viewed as a whole and cumulative of mitigation evidence presented originally, raised "a reasonable probability that the result of the sentencing proceeding would have been different" if competent counsel had presented and explained the significance of all the available evidence. It follows that the Virginia Supreme Court rendered a 'decision that was contrary to, or involved an unreasonable application of, clearly established Federal law.' Williams' constitutional right to the effective assistance of counsel as defined in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), was violated.

*Williams*, 529 U.S. at 398-99. Clearly, the Court was not speaking of cumulating the various errors of counsel, but rather was referring to the omitted mitigating evidence. Walker also argues that the United States Court of Appeals for the Fifth Circuit held in *Moore v. Johnson*, 194 F.3d 586 (5th Cir. 1999), that there must be a cumulative error review of ineffective assistance claims. Walker is incorrect in his analysis of *Moore*. There the Fifth Circuit found no less than four instances of ineffective assistance of

27

counsel, each independently requiring vacation of the death sentence. In the concluding sentence of the paragraph outlining these deficiencies and after finding that each resulted in *Strickland* prejudice, the court concluded:

> We therefore conclude that trial counsel's cumulative errors rendered the result of Moore's punishment phase unreliable and affirm the district court's grant of relief as to punishment only.

*Moore*, 194 F.3d at 622. The Fifth Circuit did not state that the cumulative effect of the errors was the basis of its finding of ineffective assistance. Instead, the Fifth Circuit stated the cumulative, meaning four, errors were the basis of ineffective assistance of counsel.

¶63. Walker also relies on *Henry v. Scully*, 78 F.3d 51 (2d Cir. 1996) and *Harris ex rel. Ramseyer v. Wood*, 64 F.3d 1432 (9th Cir. 1995). Both of these cases stand for the proposition that once several instances of deficient performance have been found to exist that the prejudice inquiry can take the cumulative effect of the deficient performance into account. In fact, the Ninth Circuit decision clearly states that it had only done this type analysis once before in the post-*Strickland* era. 64 F.3d at 1438. In the case at bar, the claims raised have all been held to be without merit so no prejudice can be shown individually or cumulatively. In *Russell v. State*, 849 So.2d 95, 122 (Miss. 2003), this Court refused to adopt the defendant's argument that this Court "must review the totality of the circumstances and the cumulative effect of counsel's lapses." Instead, this Court reiterated the proper standard for determining whether counsel was constitutionally ineffective:

> This Court looks at the totality of circumstances to determine whether counsel's efforts were both deficient and prejudicial. "Judicial scrutiny of counsel's performance [is] highly deferential." There is a strong but rebuttable presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Only where it is reasonably probable that but for the attorney's errors, the outcome of the trial would have been different, will we find that counsel's performance was deficient.

28

*Russell*, 849 So. 2d at 122 (quoting *Holly v. State*, 716 So.2d 979, 989 (Miss.1998)). In *Holly*, this Court further explained,

> The record shows that Jones did not raise any objections during the argument, although there were several points at which an objection might have been appropriate. However, we do not find that counsel's failure to object shakes our confidence in the reliability of the outcome.

716 So.2d at 989 (citing *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052). In order for there to be a cumulative effect of errors, there must first be errors. In *Walker*, this Court has ruled that "[t]here is no reversible error in either phase of the trial, thus there is no cumulative error. 671 So. 2d at 629 (citing *Foster*, 639 So. 2d at 1303).

¶64. Finally, Walker cites *Kyles v. Whitley*, 514 U.S. 419, 115 S. Ct. 1555, 131 L. Ed. 2d 490 (1995). We note that *Kyles* has nothing to do with ineffective assistance of counsel, and we are at a loss as to why counsel has cited this case as authority for an ineffective assistance of counsel claim.

¶65. On direct appeal this Court stated it was considering the cumulative effect of the claimed errors in holding the claims of prosecutorial misconduct to be without merit. Therefore, even if *Williams* could be read as requiring a cumulative effect analysis, which it cannot, this Court considered the cumulative effect of the claims of prosecutorial misconduct and held that Walker had not been denied a fair trial. That said, Walker still has not shown the requisite prejudice to demonstrate ineffective assistance of counsel. He is entitled to no relief on this claim of ineffectiveness of counsel.

## H.     Outburst from State Witnesses and Victim's Family Members.

¶66. Walker places this next claim under the heading of prosecutorial misconduct. Such claim has nothing to do with prosecutorial misconduct. However, we will address this claim as he has numbered it.

¶67.    This next claim of ineffective assistance counsel is based on the failure of Walker's trial counsel to interpose an objection to the emotional outbursts during the trial proceedings. This claim was raised on direct appeal by Walker. The Court noted that all but one of the instances raised were not accompanied by a contemporaneous objection at trial. Therefore, the Court held the claims to be procedurally barred from consideration.  However, the Court addressed the underlying substantive claim alternatively. The Court concluded that Walker was not denied a fair trial by any of the outbursts.  *See **Walker***, 671 So.2d at 621-22.  This claim, like the others addressed above, presents this Court with a claim of ineffective assistance of counsel based on underlying substantive claims which this Court has already addressed and held to be without merit. Since the underlying substantive issues of the ineffectiveness claim have been held to be without merit, Walker cannot establish the deficient performance and prejudice required by ***Strickland***.  Walker is not entitled to seek relief on this claim of ineffective assistance of counsel.

## I.    Failure to Argue the Imposition of a Disproportionate Sentence.

¶68.    Again, this claim has nothing to do with prosecutorial misconduct.  However, Walker contends that trial counsel was ineffective in failing to request the trial court to impose upon him the same sentence received by Riser. The basis of his contention is that the failure to raise the proportionality of the sentence at trial is ineffective assistance of counsel. No such claim was raised on direct appeal.  However, this Court did address the proportionality of the sentence on direct appeal. The Court concluded that the sentence was not disproportionate to the crime. *See **Walker***,  671 So.2d at 630-31. Since we considered the merits of this claim the underlying substantive merits of the claim have been decided against Walker. This Court's holding that the sentence was not disproportionate demonstrates that Walker suffered no prejudice. Therefore, Walker cannot demonstrate the requisite deficient performance and prejudice required by ***Strickland***.

¶69. Walker also contends that trial counsel was ineffective for failing to request the trial court to impose upon him a sentence that was proportionate to that received by Jason Riser. If his contention is that counsel should have requested the trial court to conduct a proportionality review and sentence him to life it is totally without merit. Under the Mississippi capital sentencing scheme the trial court is not empowered to conduct a proportionality review. That mandatory function is reserved to this Court by Miss. Code Ann. § 99-19-105(3)(c). Thus, even if trial counsel had asked the trial court to perform such a review, it would not have had the authority to conduct a proportionality review in this case. Further, there is no federal constitutional requirement that a proportionality review be conducted before a death penalty can be imposed, this is only a state statutory requirement. See *Pulley v. Harris*, 465 U.S. 37, 104 S.Ct. 871,79 L.Ed.2d 29 (1984) (No Eighth Amendment right to proportionality review of sentence).

¶70. However, it may appear to be that Walker's claim is that trial counsel did not request the trial court to impose the same life imprisonment sentence that Riser obtained in his plea bargain agreement with the State. If this is in fact Walker's argument, the record does not support such an assertion. Considering the written objections to the instructions trial counsel filed, we find the following request:

> (5) Because none of these aggravating circumstances has been proved beyond a reasonable doubt, this Court must instruct the jury to return a sentence of life imprisonment. MCA 99-19-101 (2)(5).

Thus, counsel did request that the court sentence Walker to life imprisonment, the same sentence Riser received. Walker cannot sustain a claim of ineffective assistance of counsel on this point.

¶71. In conclusion, considering all of the claims, even if done in a cumulative manner, Walker has failed to demonstrate deficient performance and resulting prejudice, both of which are required to support a claim of ineffective assistance of counsel. Walker is entitled to no relief on his claims of ineffective assistance of counsel.

## II. THE CLAIM REGARDING INSTRUCTION S-9 IS BARRED BY THE DOCTRINE OF RES JUDICATA.

¶72. Walker next moves to substantive claims of error in his application. The first of these is a claim that the trial court erred in granting Instruction S-9 for the jury's consideration during the guilt phase of the trial. This claim was raised on direct appeal and held to be procedurally barred on direct appeal for the failure to object at trial. Since the Court has already considered this claim on direct appeal and imposed a bar to this claim, it is now res judicata under Miss. Code Ann. § 99-39-21 (1) & (3). This claim cannot be revisited. To the extent that Walker attempts to raise claims regarding this instruction for the first time in this post-conviction application, they are also barred. See Miss. Code Ann. § 99-39-21 (2) (arguing different theories on post-conviction review barred absent a showing of cause and actual prejudice). Walker is now barred from raising this claim again.

## III. THE CLAIM REGARDING THE REFUSAL TO GRANT A CONTINUANCE BY THE TRIAL COURT IS BARRED BY THE DOCTRINE OF RES JUDICATA.

¶73. Walker next reasserts the claim made on direct appeal regarding the failure of the trial court to grant a continuance based on Jason Riser's guilty plea. This claim was addressed on the merits on direct appeal and decided against Walker. Walker cannot raise this claim again on post-conviction review. *See* Miss. Code Ann. § 99-39-21(3); *Wiley v. State*, 750 So.2d 1193, 1200 (Miss. 1999); *Foster v. State*, 687 So.2d 1124, 1129, 1138, 1140 (Miss. 1996); *Wiley v. State*, 517 So.2d 1373, 1377 (Miss. 1987).

## IV. THE CLAIM BASED ON *TISON v. ARIZONA* IS PROCEDURALLY BARRED FROM CONSIDERATION FOR THE FIRST TIME ON POST-CONVICTION REVIEW.

¶74. Walker next raises for the first time a claim that the sentencing instruction given in this case violates the teachings of *Tison v. Arizona*, 481 U.S. 137,107 S.Ct. 1676, 95L.Ed.2d 127 (1987), in that it only

required the jury to find that he "contemplated that lethal force would be used." First, no such claim was raised at trial or on direct appeal in this case; and therefore, the claim is barred for failure raise the claim at the proper time or in the proper manner. *See* Miss. Code Ann. § 99-39-21(1); **Brown v. State**, 798 So.2d 481, 491 (Miss. 2001); **Wiley**, 750 So.2d at 1208; **Foster**, 687 So.2d at 1138. Walker is barred from raising this claim for the first time in this post-conviction application unless he can demonstrate cause and actual prejudice.

¶75.    Walker cannot demonstrate the requisite cause and actual prejudice to overcome the procedural bar in this case. Looking to the record in this case, we find that the entire premise underpinning this claim is without merit. The jury was properly instructed that it could consider all of the intent factors contained in Miss. Code Ann. § 99-19-101(7). This Court has held the jury can be instructed on all of these factors at the conclusion of the sentencing phase. The jury may properly find one or all as the evidence dictates. **Jordan v. State**, 786 So.2d 987, 1026, 1052-53 (Miss. 2001); **Watts v. State**, 733 So.2d 214, 242, 283-85 (Miss. 1999); **Carr v. State**, 655 So.2d 824, 838-39 (Miss. 1995); **Conner v. State**, 632 So.2d 1239, 1273 (Miss. 1993); **Lanier v. State**, 533 So.2d 473, 491-92 (Miss. 1988); **Lockett v. State**, 517 So.2d 1317, 1338 (Miss. 1987); **Jones v. State**, 517 So.2d 1295, 1302 (Miss. 1987). In order to return a death sentence, the jury must find, beyond a reasonable doubt, at least one of these factors. See **White v. State**, 532 So.2d 1207, 1219-22 (Miss. 1988); **Pinkton v. State**, 481 So.2d 306, 308-10 (Miss. 1985). Of course, there must be sufficient evidence to support the factor or factors found by the jury. **Carr v. State**, 655 So.2d 824, 838-39 (Miss. 1995); **Abram v. State**, 606 So.2d 1015, 1042 (Miss. 1992); **White v. State**, 532 So.2d 1207, 1219-22 (Miss. 1988).

¶76.    In the case at bar the jury made a finding of two of these factors beyond a reasonable doubt. The sentencing verdict contains the following factors:

1.    That the Defendant intended that the killing of Konya Rebecca Edwards take place, and

2.    That the Defendant contemplated that lethal force would be employed.

Walker's argument here completely overlooks the first finding of the jury and concentrates solely on the second finding. Neither *Tison*, nor its predecessor, *Enmund v. Florida*, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982), require more than one of these findings. Thus, assuming arguendo, that Walker's argument regarding the contemplated use of lethal force finding has any merit, his claim still fails. The jury clearly found that Walker intended that Konya Edwards be killed. That is sufficient under both *Enmund* and *Tison*. Because the underlying claim is totally without merit, Walker cannot show the requisite cause and actual prejudice to overcome the procedural bar for failing to raise this claim at the proper time and in the proper manner. This claim is barred from consideration for the first time in this post-conviction proceeding. Walker is entitled to no relief on this claim.

¶77.    Walker further argues that the Mississippi death penalty statutes are unconstitutional in that they are applied to felony murders and "ignore the mental state and relative culpability of the defendant." Again, this claim was not raised at trial or on direct appeal and is procedurally barred from consideration for the first time in this post-conviction petition. *See* Miss. Code Ann. § 99-39-21(1); *Brown v. State*, 798 So.2d at 491; *Wiley*, 750 So.2d at 1208; *Foster*, 687 So.2d at 1138. Therefore, absent a showing of cause and actual prejudice to overcome the procedural bar, this claim cannot be considered.

¶78.    Walker cannot show cause or actual prejudice as this claim has been ruled upon on numerous occasions. The Court has held that the fact Mississippi's capital murder scheme makes the death penalty a possible punishment for felony murder where there is no requirement to prove an intent to kill, and not

34

premeditated murder, does not make the Mississippi capital murder statute unconstitutional. *See Grayson v. State*, 806 So.2d 241, 252 (Miss. 2001); *Simmons v. State*, 805 So.2d 452, 507 (Miss. 2001); *Edwards v. State*, 737 So.2d 275, 307 (Miss. 1999); *Berry v. State*, 703 So.2d 269, 286 (Miss. 1997); *Evans v. State*, 725 So.2d 613, 683-84 (Miss. 1997); *West v. State*, 725 So.2d 872, 894-95 (Miss. 199S); *Holland v. State*, 705 So.2d 307, 319-20 (Miss. 1997); *Gray v. State*, 351 So.2d 1342, 1344 (Miss. 1977); *Bell v. Watkins*, So.2d 118,124 (Miss. 1980); *See also Gray v. Lucas*, 671 2d 1086,1104 (5th Cir.), *reh'g denied*, 685 F.2d 139 (5th Cir. 1982). This same argument has been rejected as it relates to depraved heart murder. See *Grayson v. State*, 806 So.2d at 252.

¶79.    In addition, the factors contained in Miss. Code Ann. § 99-19-101(7), require that the jury find the requisite intent set forth in *Enmund* and *Tison* before a death penalty verdict can be returned. The jury was properly instructed pursuant to Miss. Code Ann. § 99-19-101(7) and found two of those factors. That is all that is required by the decisions of the United States Supreme Court and the federal constitution. Walker has failed to show the necessary cause and actual prejudice to overcome the procedural bar to consideration of this claim. The claim is procedurally barred from consideration for the first time in this post-conviction application. Walker is entitled to no relief on this claim.

## V.    THE CLAIM RELATING TO THE DENIAL OF WALKER'S CHALLENGES FOR CAUSE IS PROCEDURALLY BARRED BY THE DOCTRINE OF RES JUDICATA.

¶80.    Walker next contends, again, that certain jurors should have been removed from the jury for cause because of their views on the death penalty. As he did on direct appeal, he relies on *Morgan v. Illinois*, 504 U.S. 719,112 S.Ct. 2222, 119 L.Ed.2d 492 (1992). However, this claim was raised on direct appeal and decided contrary to Walker's position then. *Walker*, 611 So.2d at 624-26. This claim is nothing more

than an attempt to relitigate a claim that has already been fully discussed and decided against Walker. The attempt to relitigate this claim is barred from consideration on post-conviction review. *See* Miss. Code Ann. § 99-39-21(3); *Wiley*, 750 So.2d at 1200; *Foster*, 687 So.2d at 1129, 1138, 1140; *Wiley*, 517 So.2d at 1377. Unlike the bars of waiver and other theories, the res judicata bar is not subject to the cause and actual prejudice test. *See* Miss. Code Ann. § 99-39-21(3); *Foster v. State*, 687 So.2d at 1137; *Gilliard v. State*, 614 So.2d 370, 375 (Miss. 1992).

¶81. Walker cannot relitigate this claim in this post-conviction review. Walker is not entitled to seek relief on this claim.

## VI. THE CLAIM RELATING TO THE PROSECUTION'S RACIALLY BIASED USE OF PEREMPTORY JUROR CHALLENGES IS BARRED BY THE DOCTRINE OF RES JUDICATA.

¶82. Walker attempts to relitigate another claim relating to jury selection in his capital trial. He contends that the State used its peremptory challenges in a racially discriminatory manner. This claim was litigated at trial and on direct appeal. This Court held that the claim was without merit on direct appeal. 671 So.2d at 627-29. Therefore the claim is res judicata. *See* Miss. Code Ann. § 99-39-21(3); *Wiley*, 750 So.2d at 1200; *Foster*, 687 So.2d at 1129, 1138, 1140; *Wiley*, 517 So.2d at 1377. Walker cannot relitigate claims raised and decided against him on direct appeal in a post-conviction application. This claim is barred from relitigation. Walker is entitled to no relief on this claim.

## VII. THE CLAIM RELATING TO MELINDA ZAPPIE BEING STRUCK FOR CAUSE IS RES JUDICATA.

¶83. Once again Walker attempts to relitigate a claim decided on direct appeal. This issue relates to the removal, for cause, of prospective juror Melinda Zappie. This claim was raised on direct appeal and decided against Walker. 671 So.2d at 629. Because this claim has already been litigated and decided on

36

direct appeal, it cannot be relitigated on post-conviction review. *See* Miss. Code Ann. § 99-39-21(3); *Wiley*, 750 So.2d at 1200; *Foster*, 687 So.2d at 1129, 1138, 1140; *Wiley*, 517 So.2d at 1377. Walker is not entitled to any relief on this claim.

### VII. WALKER WAS NOT DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN THE CONDUCT OF VOIR DIRE.

¶84. Walker now returns to the ineffective assistance of counsel theme and contends that trial counsel was ineffective in failing to conduct an adequate voir dire examination. First, he contends that trial counsel was ineffective in attempting to rehabilitate prospective juror Melinda Zappie regarding her views toward the death penalty. Second, he argues that trial counsel failed to make a record of the racial composition of the jury. He contends that the second claim is per se ineffective assistance of counsel. However, Walker's claims of ineffective assistance of counsel must fail because the Court addressed the merits of all of the claims relating to jury selection in its opinion on direct appeal. In the response to the previous ground for relief we discussed the fact that the claim was barred because the merits of the issue had been addressed on direct appeal. The ineffective assistance of counsel claim must fail because Walker cannot demonstrate the requisite deficient performance and resulting prejudice. This Court found that Zappie was properly excused for cause based on her views toward the death penalty. *See Walker*, 671 So.2d at 629. While Walker contends that trial counsel should have done a better job in attempting to rehabilitate Zappie, he fails to identify a single unasked question that he contends counsel should have asked of Zappie to rehabilitate her. Thus, Walker has not even attempted to show deficient performance, much less prejudice. Since the underlying substantive merits of the claim have been held to be without merit, Walker cannot demonstrate the requisite deficient performance and actual prejudice to establish a claim of ineffective assistance of counsel. Walker is entitled to no relief on this portion of his claim.

¶85.   Second, as to the claim that counsel was per se ineffective in failing to indicate the racial composition of the jury, there is no such requirement in the law. Walker cites to this Court's statement in its direct appeal opinion in which we  noted:

> The defense fails to adequately address the composition of the seated jury, as does the State. Court papers within the record reviewed by this Court lend no support.

*Walker*, 671 So.2d at 627. Such information would be necessary in making a determination of whether a prima facie case had been made in order to require a party to state reasons for the exercise of its peremptory challenges. However, the question of whether Walker made out a prima facie case is moot because the State was ordered to give reasons for its strikes without such a finding. It has long been the law that when the prosecution states its reasons for exercising its peremptory strikes either when ordered to do so without a finding of a prima facie case or voluntarily, the reasons can be reviewed on appeal. *See Hernandez v. New York*, 500 U.S. 352, 352-54, 111 S.Ct. 1859, 1862-63, 114 L.Ed.2d 395, 396 (1991); *Hughes v. State*, 735 So.2d 238, 250 (Miss. 1999); *Manning v. State*, 726 So.2d 1152, 1183-83 (Miss. 1998); *Davis v. State*, 660 So.2d 1228, 1240 (Miss. 1995); *Mack v. State*, 650 So.2d 1289, 1298 (Miss. 1994); *Foster v. State*, 639 So.2d at 1279-80.  In accord with this precedent, this Court reviewed, on the merits, the reasons put forward by the prosecution for the exercise of its strikes in this case. The Court found these reasons to be sufficient and denied Walker's claim under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). *Walker*, 671 So.2d at 627-29. Since the underlying substantive merits of this claim have been held to be without merit, any claim of ineffective assistance of counsel based on the same must fail. Walker has failed to show both deficient performance and prejudice. He has not demonstrated that there is a reasonable probability that the results of his trial

would have been different. Having failed to establish ineffective assistance of counsel regarding this claim, Walker's request to seek post-conviction relief must be denied.

## IX. THE CLAIM RELATING TO THE PROPORTIONALITY OF WALKER'S SENTENCE IS BARRED BY THE DOCTRINE OF RES JUDICATA.

¶86.    Walker claims once again that his sentence is disproportionate to that received by his co-defendant and thereby violates the Eighth Amendment.  First, in deciding the direct appeal in this case, this Court conducted the proportionality review required by Miss. Code Ann. § 99-19-105(3)(c). *See Walker*, 671 So.2d at 630-31.  Thus, the merits of this claim have been decided against Walker. They cannot be relitigated on post-conviction review. *See* Miss. Code Ann. § 99-39-21(3); *Wiley*, 750 So.2d at 1200; *Foster*, 687 So.2d at 1129,1138,1140; *Wiley*, 517 So.2d at 1377.

¶87.    Without waiving the bar in any manner, the federal constitutional portion of the claim Walker makes is specious because there is no Eighth Amendment right to have a state court conduct any proportionality review at all. In *Pulley v. Harris*, the United States Supreme Court held:

> There is thus no basis in our cases for holding that comparative proportionality review by an appellate court is required in every case in which the death penalty is imposed and the defendant requests it. Indeed, to so hold would effectively overrule *Jurek* and would substantially depart from the sense of *Gregg* and *Proffitt.* We are not persuaded that the Eighth Amendment requires us to take that course.

465 U.S. at 50-51.

¶88.    Later in *McCleskey v. Kemp*, 481 U.S. 279, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987), the Supreme Court held:

> In light of our precedents under the Eighth Amendment, McCleskey cannot argue successfully that his sentence is "disproportionate to the crime in the traditional sense." See *Pulley v. Harris*, 465 U.S. 37,43,104 S.Ct. 871, 876, 79 L.Ed.2d 29 (1984). He does not deny that he committed a murder in the course of a planned robbery, a crime for which this Court has determined that the death penalty constitutionally may be imposed. *Gregg*

*v. Georgia*, 428 U.S., at 187,96 S.Ct, at 2931. His disproportionality claim "is of a different sort." *Pulley v. Harris*, supra, 465 U.S., at 43, 104~S.Ct, at 876. McCleskey argues that the sentence in his case is disproportionate to the sentences in other murder cases.

On the one hand, he cannot base a constitutional claim on an argument that his case differs from other cases in which defendants did receive the death penalty. On automatic appeal. The Georgia Supreme Court found that McCleskey's death sentence was not disproportionate to other death sentences imposed in the State. *McCleskey v. State*, 245 Ga. 108,263 S.E.2d 146 (1980). The court supported this conclusion with an appendix containing citations to 13 cases involving generally similar murders. See Ga. Code Ann. § 17-10-35(e) (1982). Moreover, where the statutory procedures adequately channel the sentencer's discretion, such proportionality review is not constitutionally required. *Harris*, supra, 465 U.S., at 50-51, 104 S.Ct. at 879.

On the other hand, absent a showing that the Georgia capital punishment system operates in an arbitrary and capricious manner, McCleskey cannot prove a constitutional violation by demonstrating that other defendants who may be similarly situated did not receive the death penalty. In *Gregg*, the Court confronted the argument that "the opportunities for discretionary action that are inherent in the processing of any murder case under Georgia law," 428 U.S., at 199, 96 S.Ct, at 2937, specifically the opportunities for discretionary leniency, rendered the capital sentences imposed arbitrary and capricious. We rejected this contention.

"The existence of these discretionary stages is not determinative of the issues before us. At each of these stages an actor in the criminal justice system makes a decision which may remove a defendant from consideration as a candidate for the death penalty. *Furman*, in contrast, dealt with the decision to impose the death sentence on a specific individual who had been convicted of a capital offense. Nothing in any of our cases suggests that the decision to afford an individual defendant mercy violates the Constitution. *Furman* held only that, in order to minimize the risk that the death penalty would be imposed on a capriciously selected group of offenders the decision to impose it had to be guided by standards so that the sentencing authority would focus on the particularized circumstances of the crime and the defendant." Ibid.

Because McCleskey's sentence was imposed under Georgia sentencing procedures that focus discretion "on the particularized nature of the crime and the particularized characteristics of the individual defendant," *Id*. at 206, 96 S.Ct., at 2940, we lawfully may presume that McCleskey's death sentence was not "wantonly and freakishly" imposed, *Id*. at 207,96 S.Ct.. at 2941, and thus that the sentence is not disproportionate within any recognized meaning under
the Eighth Amendment.

481 U.S. at 306-07 (footnote omitted). See ***Walton v. Arizona***, 497 U.S. 639, 655-56, 110 S.Ct. 3047, 3058, 111 L.Ed.2d 511 (1990); ***Murray v. Giarratano***, 492 U.S. 1, 9, 109 S.Ct. 2765, 2770, 106 L.Ed.2d 1 (1989). Since there is no federal constitutional requirement for this Court to compare Walker's sentence with Riser's or any other, there can be no Eighth Amendment violation.

¶89.    This Court decided that Walker's sentence is not disproportionate considering the crime and his individual character. This claim is now res judicata under § 99-39-21(3) and cannot be relitigated on post-conviction review. *See **Wiley***, 750 So.2d at 1200; ***Foster***, 687 So.2d at 1129, 1138, 1140; ***Wiley***, 517 So.2d at 1377. Walker is not entitled to seek relief on this claim.

## X.    THE CUMULATIVE ERROR CLAIM IS BARRED AND ALSO WITHOUT MERIT.

¶90.    Finally, Walker contends that the cumulative effect of all the errors requires that his conviction and death sentence be set aside by the granting of this post-conviction application. On direct appeal this Court addressed the claim that the cumulative error in this case required reversal. The Court held:

> Finding no errors of a magnitude requiring reversal, this Court finds both the conviction of Walker of capital murder during the commission of sexual battery and the sentence of death are upheld.
> There is no reversible error in either phase of the trial, thus there is no cumulative error. ***Foster v. State***, 639 So.2d at 1303.
> There never has been a perfect trial. As long as humans conduct and participate in trial of lawsuits, there will not be such a trial. This Court has said many times that a defendant is not entitled to a perfect trial, only a fair trial. ***Sand v. State***, 467 So.2d 907 (Miss. 1985); ***Bell v. State***, 443 So.2d 16 (Miss.1983); ***Palmer v. State***, 427 So.2d 111 (Miss. 1983); ***Shaw v. State***, 378 So.2d 631 (Miss. 1979); ***Stringer v. State***, 500 So.2d 928 (Miss. 1986).Walker received a fundamentally fair trial. We affirm both Walker's conviction and sentence of death.

671 So. 2d at 629-30.

¶91.    Therefore, any claim that the substantive claims raised in the post-conviction application represent cumulative error is a question that has been decided against Walker; the claim is res judicata. *See* Miss.

41

Code Ann. § 99-39-21(3); *Wiley*, 750 So.2d at 1195; *Foster*, 687 So.2d at 1129,1138,1140; *Wiley*, 517 So.2d at 1377. Walker's assertion that the cumulative effect of counsel's deficient performance requires reversal of his conviction and sentence is likewise unpersuasive. As pointed out, this Court has addressed almost every claim on the merits. While a procedural bar was imposed as to many claims the Court addressed the merits in an alternative. Thus, the merits have been addressed, and no merit was found to exist on any of the substantive claims. Walker has failed to demonstrate the requisite deficient performance and resulting prejudice to establish a single claim of ineffective assistance of counsel. There is no deficient performance to cumulate. Based on the prior decision of this Court and the prior discussion herein, there are no errors to cumulate; and therefore; there is no cumulative error in this case. Walker was not denied a fundamentally fair trial in this case and has demonstrated no reason, singly or cumulatively, which would cause this Court to vacate his conviction of capital murder and sentence of death for the murder and sexual battery of Konya Rebecca Edwards. Walker is entitled to no relief on this claim.

## CONCLUSION

¶92. For these reasons, this Court denies Walker's applications for leave to seek post-conviction relief challenging his capital murder conviction and sentence of death.

¶93. **APPLICATIONS FOR LEAVE TO SEEK POST-CONVICTION RELIEF DENIED.**

**PITTMAN, C.J., WALLER, COBB, EASLEY, CARLSON AND GRAVES, JJ., CONCUR. McRAE, P.J., CONCURS IN RESULT ONLY. DIAZ, J., NOT PARTICIPATING.**