BARNES, J., CONCURRING IN PART AND DISSENTING IN PART:
¶ 36. While I concur with the majority's determination of the merits, I cannot agree with the majority's decision to preserve the issue of ineffective assistance of counsel with respect to counsel's failure to object to the accident reconstructionist's testimony. As the majority found, admission of that testimony was "at best ... harmless error"; thus, Pryor cannot demonstrate actual prejudice under the second prong of Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[3]
¶ 37. Accordingly, I would affirm the judgment, but deny Pryor's request to preserve his right to bring an ineffective-assistance-of-counsel claim with regard to counsel's failure to object to the testimony by the accident reconstructionist.

Under Strickland , a defendant "must show that counsel's performance was deficient, and ... that the deficient performance prejudiced the defense." Walker v. State , 863 So.2d 1, 11, 16 (¶¶ 15, 39) (Miss. 2003) (Because the granting of a jury instruction was "at most harmless error," the defendant could not "demonstrate actual prejudice" under Strickland .)