# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 20-371

CRYSTAL R. BOURQUE

VERSUS

TONY CHACHERE'S CREOLE FOODS OF OPELOUSAS, INC., ET AL.

**\*\*\*\*\*\*\*\*\*\***

ON APPLICATION FOR SUPERVISORY WRIT FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY
DOCKET NUMBER 18-C-1421-C
HONORABLE ALONZO HARRIS, JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JOHN E. CONERY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John E. Conery, D. Kent Savoie, and Van H. Kyzar, Judges.

**JUDGMENT DENYING MOTION FOR SUMMARY JUDGMENT REVERSED. MOTION FOR SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS RENDERED.**

**Thomas J. Eppling**
**David C. Bernard**
**Staines, Eppling & Kenney**
**3500 North Causeway Boulevard, Suite 820**
**Metairie, Louisiana 70002**
**(504) 838-0019**
    **COUNSEL FOR DEFENDANTS/RELATORS:**
    **Tony Chachere's Creole Foods of Opelousas, Inc. and Carl Trahan**

**Mark G. Artall**
**Attorney at Law**
**109 South College Road**
**Lafayette, Louisiana 70503**
**(337) 233-1777**
    **COUNSEL FOR PLAINTIFF/RESPONDENT:**
    **Crystal R. Bourque**

**CONERY, Judge.**

Defendants-Relators, Tony Chachere's Creole Foods of Opelousas, Inc. (Tony Chachere's) and Carl Trahan, seek supervisory writs from the trial court's judgment denying their motion for summary judgment. Relators asserted therein that Plaintiff-Respondent, Crystal Bourque, is the borrowed servant of Tony Chachere's, and the borrowed co-employee of Mr. Trahan, making her exclusive remedy one pursuant to the provisions of the Louisiana Workers' Compensation Act (LWCA). For the following reasons, we reverse the trial court's denial of Relators' motion for summary judgment and render summary judgment in their favor.

## FACTS AND PROCEDURAL HISTORY

This action arises out of an injury Plaintiff allegedly sustained within just two hours of working at Tony Chachere's warehouse in Opelousas. Plaintiff was hired by FC Staffing, Inc. (Flexicrew), a labor staffing company, to work at the warehouse. On her first day of employment, Plaintiff claims her hand was injured when the leg of a plastic table was closed on top of her fingers by Mr. Trahan.[1] Plaintiff went into the administrative office to seek medical care and allegedly complained about inappropriate comments made by Mr. Trahan, as well as his inappropriate conduct towards her.

Plaintiff returned to the plant floor, completed her shift, and returned to work the rest of the week and part of the next week. After she left Tony Chachere's employment, Plaintiff called five times during the following week checking on the availability of modified duty. She subsequently applied for and was granted

---

[1] Greg Dupre, Controller of Tony Chachere's, described Mr. Trahan's position as that of Plant Engineer. In her deposition, Plaintiff described Mr. Trahan as "a maintenance man."

workers' compensation disability based on the alleged injury she received to her hand on her first day of work.

Plaintiff also filed the instant tort suit against Relators, alleging that her injury was caused by Mr. Trahan's negligence and that his employer, Tony Chachere's, was vicariously liable for Mr. Trahan's actions. Relators filed a motion for summary judgment seeking dismissal on the basis that Tony Chachere's, as Plaintiff's borrowing employer, is shielded from tort liability pursuant to the provisions of the LWCA.

After a July 29, 2020 hearing, the trial court denied Relators' motion finding genuine issues of material fact existed as to: (1) whether the time Plaintiff was on the job—only 45 minutes to an hour-and-a-half before her accident—was a considerable length of time; (2) whether Tony Chachere's was Plaintiff's statutory employer; (3) whether Plaintiff acquiesced in the new work situation when she had not yet started working that day and was unaware of how many hours per week she would work or if she was full time or part time; (4) whether Tony Chachere's was classified as a principal under La.R.S. 23:1032; and (5) whether Tony Chachere's had a statutory relationship with Flexicrew. Relators now seek review of that judgment.

## LAW AND DISCUSSION

### *Standard Of Review*

Appellate courts review motions for summary judgment de novo, using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880. The reviewing court, therefore, is tasked with determining whether, "the motion,

2

memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La.Code Civ.P. art. 966(D)(1).

***Borrowed Employee Status***

In *Perry v. Perry & Sons Vault & Grave Service*, 03-1519, p. 8 (La.App. 3 Cir. 5/12/04), 872 So.2d 611, 617, this court enumerated the ten factual inquiries underlying borrowed employment status:

> The factors to be considered when determining whether an employee is a borrowed servant are: (1) who has the right of control over the employee beyond the mere suggestion of details or cooperation; (2) who selected the employee; (3) who paid the employee's wages; (4) who had the right to fire the employee; (5) who furnished the tools and the place to perform the work; (6) was the new employment over a considerable length of time; (7) whose work was being done at the time of the accident; (8) was there an agreement between the borrowing and lending employers; (9) did the employee acquiesce in the new work situation; and (10) did the original employer terminate his relationship with or relinquish his control over the employee. *Green v. Popeye's Inc.*, 619 So.2d 69 (La.App. 3 Cir.1993).
>
> No single factor is decisive, and no fixed test is used to determine the existence of a borrowed servant relationship. *Trunk* [*v. Med. Ctr. of LA at New Orleans*, 03-275 (La.App. 4 Cir. 12/17/03)], 863 So.2d

3

675 [*rev'd*, 04-181 (La. 10/19/04), 885 So.2d 534]. However, there is a presumption that the general employer retains control of his employee, and the party who alleges that an employee has become a borrowed servant bears the burden of proving that issue by a preponderance of the evidence. *Harrington v. Hebert*, 00-15 (La.App. 3 Cir. 5/23/01), 789 So.2d 649.

In resolving this issue, the totality of the circumstances must be considered. *Harrington*, 789 So.2d 649. "While the determination as to whether a borrowed servant relationship exists has been viewed as a matter of law, it is clear that the determination is one with underlying factual inquiries." *Barnett v. Meridian Res. & Expl. Co.*, 01-1114, p. 4 (La.App. 3 Cir. 2/6/02), 815 So.2d 1016, 1019, *writs denied*, 02-630, 02-651, 02-676 (La. 5/3/2), 815 So.2d 105, 106, 109.

In support of their motion, Relators alleged it was undisputed that (1) Flexicrew and Tony Chachere's had a staffing agreement which permitted Tony Chachere's to utilize Flexicrew's employees, and Plaintiff was hired by Flexicrew and loaned to work exclusively for Tony Chachere's at all pertinent times; (2) Plaintiff did not ask Flexicrew about working anywhere else, she attended an orientation at Tony Chachere's on August 31, 2017, and her first day of work was September 5, 2017; (3) Flexicrew paid Plaintiff's wages, but Tony Chachere's paid Flexicrew for the hourly wage earned by Plaintiff as well as an additional percentage of the total wages earned; (4) Tony Chachere's directed the work performed by Plaintiff, set her schedule, determined the number of hours and days she worked, provided her equipment, and had the right to dismiss her; (5) Plaintiff's work was performed at Tony Chachere's warehouse; (6) Plaintiff reported to her supervisor at Tony Chachere's and had no supervisor to report to at Flexicrew; (7) Flexicrew did not have a representative present at Tony Chachere's; and that (8) following the alleged accident, Plaintiff returned to work at Tony Chachere's where she finished

4

her shift and continued working until September 14, 2017. She then continued to check back at Tony Chachere's the following week to see if light duty work was available before applying for workers' compensation disability.

In response, Plaintiff conceded that Tony Chachere's had established that eight of the ten factual inquiries underlying borrowed employment status weighed in its favor, but argued that the uncontested facts support a finding in her favor as to whether the new employment was over "a considerable length of time" and whether she acquiesced to the work situation. *Perry*, 872 So.2d 611.

Plaintiff argued that the disputed facts as to the factual issue of acquiescence included (1) whether she was advised as to the type of job she would do when assigned to Tony Chachere's, and whether she was told how many hours per week she would work, or whether the position would be part time or full time; (2) whether she knew she could move if she determined she did not like the work environment; (3) whether she was told at orientation that she would do different things each day and each week; and (4) whether at the time she was injured, she had begun her work duties of packaging giftboxes and whether she had the time or opportunity to evaluate her work environment, personnel, or job duties or decide whether she would have continued working there.

### Discussion of Factors (6) and (9)

Plaintiff conceded eight of the ten factors enunciated in *Perry* are favorable to Tony Chachere's. Only two of the remaining factors are at issue in this case, which include Factor (6) "was the new employment over a considerable length of time," and Factor (9) "did the employee acquiesce in the new work situation[.]" *Perry*, 872 So.2d at 617. While the facts applicable to these two issues are material, Relators

aver they are not in dispute. We agree that the length of Plaintiff's employment was not considerable, and that the facts surrounding her employment are also undisputed.

*Factor (6)—Length of Time of Employment*

In *Sanchez v. Harbor Constr. Co., Inc*., 07-234 (La.App. 4 Cir. 10/3/07), 968 So.2d 783, Mr. Sanchez only worked for the defendant on the day of the alleged accident. A panel of our sister circuit stated, "One day of employment has been found not to bar a finding of borrowed servant status." *Id.* at 788 (citing *Hall v. Equitable Shipyards*, 95-1754 (La.App. 4 Cir. 2/29/96), 670 So.2d 543). Further, "employments of short duration will generally require a finding of neutrality as to this factor." *Foreman v. Danos & Curole Marine Contractors*, 97-2038, pp. 12-13 (La.App 1 Cir. 9/25/98), 722 So.2d 1, 7, *writ denied*, 98-2703 (La. 12/18/98), 734 So. 2d 637.

Furthermore, Plaintiff's case is not the typical borrowed employee situation wherein an employee working for one company is asked or told to do work for another company pursuant to a contractual agreement between the companies. Plaintiff signed on with Flexicrew, the labor staffing agency, specifically to be a borrowed employee to Tony Chachere's. Thus, whether Plaintiff was injured on the first day in the second hour of her employment is of no consequence. She was hired to work at Tony Chachere's exclusively. We find this factor does not support Plaintiff's position.

*Factor (9)—Acquiescence in the Work Situation*

The panel in *Sanchez*, 968 So.2d at 787, stated with respect to Factor (9) "did the employee acquiesce" in the new work situation as follows:

> Although there is no evidence that Mr. Sanchez voiced any objection to Global regarding his work assignments at the Harbor job

6

site, he only worked at Harbor for one day—the day of the accident. This factor, therefore, is neutral as to Mr. Sanchez's borrowed servant status.

We find based on the following undisputed facts surrounding Plaintiff's employment, that Factor (9) does not favor Plaintiff's position. There is no dispute that Plaintiff agreed to work for Tony Chachere's exclusively and was instructed by Flexicrew to report to Tony Chachere's in Opelousas. Upon her arrival, Plaintiff attended orientation, accepted the job, and did not ask Flexicrew to place her in another position. After the alleged accident she continued her work at full duty for the rest of the day, the remainder of the week and part of the next week. Plaintiff's deposition testimony reflects that she made five active attempts to continue working at modified duty the following week, speaking with, and leaving messages for her supervisor. She not only acquiesced in her employment, she sought out additional hours at modified duty from Tony Chachere's.

Accordingly, considering the totality of the circumstances herein, Plaintiff, as a matter of law, was a borrowed employee of Tony Chachere's, having met all ten enumerated factors in *Perry*. Relators are entitled to summary judgment in this case.

## CONCLUSION

For the foregoing reasons, the trial court's July 29, 2020 denial of Relators' motion for summary judgment is reversed. Summary judgment is entered declaring that Plaintiff-Respondent, Crystal Bourque, was a borrowed employee of Tony Chachere's and the borrowed co-employee of Carl Trahan and that Plaintiff-Respondent's sole remedy in this case is pursuant to the provisions of Louisiana Workers' Compensation Act. All claims of Crystal Bourque against Tony

7

Chachere's Creole Foods of Opelousas, Inc., and Carl Trahan are dismissed with prejudice. Costs are assessed to Plaintiff, Crystal Bourque.

**JUDGMENT DENYING MOTION FOR SUMMARY JUDGMENT REVERSED. MOTION FOR SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS RENDERED.**